# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

**MARTERRIO HARRIS,** *Individually,*
*and on behalf of himself and others*
*similarly situated,*

Plaintiff,

v.                                                                    No._____

**TJX DIGITAL, INC.,**                                **FLSA Collective Action**
*a Delaware Corporation*, and                **JURY DEMANDED**
**TJX DIGITAL MEMPHIS MERCHANTS, LLC,**
*a Delaware Limited Liability Company*

Defendants.

## COLLECTIVE ACTION COMPLAINT

Plaintiff, MarTerrio Harris ("Plaintiff"), on behalf of himself, individually, and on behalf of himself and others similarly situated, files this Collective Action Complaint, averring as follows:

1. This is a collective action for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA") brought against TJX Digital, Inc. and TJX Digital Memphis Merchants, LLC ("Defendants") on behalf of all hourly-paid Coach Trainers who worked for Defendants during the past three (3) years. Plaintiff and the putative class seek damages for unpaid "off the clock" overtime pay claims. The unpaid overtime pay claims of Plaintiff and those similarly situated are unified through common theories of Defendants' FLSA violations.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over this action under 29 U.S.C. §§ 201, *et seq.,* 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

1

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff performed work for Defendants in this district, and Defendants have conducted, and continue to conduct, business within this district during all relevant periods to this action. In addition, a substantial part of the events, commissions, inactions, and omissions giving rise to these claims and this action occurred within this district.

## PARTIES

4. Defendant, TJX Digital, Inc., is a Delaware Corporation with its principal offices located at 770 Cochituate Road, Framington, Massachusetts 01701-4666. It may be served via its registered agent, CT Corporation System, at 300 Montvue Road, Knoxville, Tennessee 37919 or wherever it may be found. It has been an "employer" of Plaintiff and those similarly situated as such term is defined by the FLSA at all times material to this action.

5. Defendant, TJX Digital Memphis Merchants, LLC, is a Delaware Limited Liability Company with its principal offices located at 770 Cochituate Road, Framington, Massachusetts 01701-4666. It may be served via its registered agent, CT Corporation System, at 300 Montvue Road, Knoxville, Tennessee 37919 or wherever it may be found. It has been an "employer" of Plaintiff and those similarly situated as such term is defined by the FLSA at all times material to this action.

6. Plaintiff MarTerrio Harris worked as an hourly-paid Coach Trainer for Defendants within this district during the three (3) year period immediately preceding the filing of this Complaint. Plaintiff Harris' Consent to Join this Collective Action is attached hereto as *Exhibit A*.

## FACTUAL BASIS FOR SUIT

7. Defendants operate a distribution center located in Memphis, Tennessee where Plaintiff

was employed during all times material to this action. Defendants operate similar distribution centers in other cities throughout the United States, including distribution centers in San Antonio, Texas; Worcester, Massachusetts; Pittston, Pennsylvania; Evansville, Indiana: Charlotte, North Carolina and North Las Vegas, Nevada.

8. Defendants' distribution centers supply apparel and home fashions to their retail stores such as T.J. Maxx, Marshalls, and HomeGoods across the United States. According to their website, they provide "ever-changing selections of high quality, fashionable, brand name and designer merchandise" at below retail prices.

9. Defendants have been the "employer" of Plaintiff and class members within the meaning of 29 U.S.C, § 203(d) and § 203(r) at all times material to this action.

10. At all times material to this action, Plaintiff and class members have been "employees" of Defendants as defined by Section 203(e)(1) of the FLSA, and performed work for Defendants within the territory of the United States within three (3) years preceding the filing of this collective action.

11. At all times material to this action, Defendants have been an enterprise engaged in commerce and production of goods for commerce as defined by section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00. Plaintiff and other similarly situated hourly-paid Coach Trainers also have engaged in commerce and the production of goods for commerce during the applicable statutory period.

12. Defendants have had a common time keeping system in which hourly-paid Coach Trainers were required to clock-in and clock-out for the purpose of recording their compensable time during all times material to this action.

13. Plaintiff and those similarly situated typically worked forty (40) hours or more within

weekly pay periods during all times material to this action.

14. Plaintiff and others similarly situated performed work for Defendants in excess of forty (40) hours per week within weekly pay periods during all times material and relevant to this action without being compensated for such time at the applicable FLSA overtime rates of pay.

15. Plaintiff and other hourly-paid Coach Trainers were required, induced, expected and/or, suffered and permitted, to perform compensable post-shift work after the ending of their respective shifts, and did so perform such "off-the-clock" post-shift work after the ending to their respective shifts within weekly pay periods during all times material, without being compensated for such "off-the-clock" work at the applicable FLSA overtime rates of pay.

16. Plaintiff and other hourly-paid Coach Trainers were required, induced, expected and/or, suffered and permitted, to engage in work-related communications via telephone conversations and telephone text messages with management and supervisor members during "off-duty" hours, and did so engage in such work-related "off the clock" communications within weekly pay periods during all times material, without being compensated for such "off-duty" communications at the applicable FLSA overtime rates of pay.

17. Defendants knew and were aware they were not compensating Plaintiff and those similarly situated for the time they worked "off-the-clock".

18. The aforementioned "off-the-clock" wage claims of Plaintiff and those similarly situated are unified though a common theory of Defendants' FLSA violations.

19. Defendants' common plan, policy and practice of not compensating Plaintiff other similarly situated hourly-paid Coach Trainers for all their compensable "off the clock"

hours at the applicable FLSA overtime rates of pay violated the FLSA, 29 U.S.C. § 207(a)(1).

20. Defendants failed to properly and accurately record all such compensable work times of Plaintiff and those similarly situated as required by 29 C.F.R. §516.2(a)(7).

21. By their failure to accurately record all the compensable times and to pay Plaintiff and those similarly situated for all such compensable times, Defendants willfully failed to compensate them for all such time at the applicable overtime rates of pay, as required by the FLSA, and was without a good faith basis for such failure.

22. Defendants' common policies and practices of not compensating Plaintiff and those similarly situated for all compensable times at the applicable FLSA overtime rates of pay violated 29 U.S.C. § 207(a)(1).

23. As a result of Defendants' bad faith and willful failure to pay Plaintiff and those similarly situated in compliance with the FLSA, they have suffered lost wages in terms of lost overtime compensation, as well as other damages.

24. The net effect of Defendants' common plan, policy, and practice of working Plaintiff and those similarly situated "off the clock" without compensation is that Defendant has unjustly enriched itself and enjoyed ill-gained profits at the expense of Plaintiff and those similarly situated.

## FLSA COLLECTIVE ACTION ALLEGATIONS

25. Plaintiff brings this case as a collective action on behalf of himself and other similarly situated individuals pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and other damages owed.

26. The proposed collective class of similarly situated persons is defined as:

   > All current and former hourly-paid Coach Trainers employed by Defendants who were required, induced, expected and/or, suffered and permitted, to perform "off the clock" work without compensation within the three (3) years preceding the filing of this action ("Class Members").[1]

27. Plaintiff seeks to pursue his unpaid "off the clock" overtime pay claims against Defendants on behalf of himself, individually, and on behalf of himself and all other similarly situated hourly-paid Coach Trainers as a class.

28. Plaintiff and class members are "similarly situated" for purposes of 29 U.S.C. §216(b) because, *inter alia*, Defendants employed a common pay system that resulted in a failure to pay Plaintiff and class members for all hours worked, as required by the FLSA.

29. This action is properly maintained as a collective action because Plaintiff is similarly situated to the members of the collective class with respect to Defendants' time keeping, pay and compensation policies and practices. Plaintiff and members of the class were subjected to Defendants' policy and practice of being required, induced, expected and/or, suffered and permitted, to perform "off the clock" work without being compensated at the applicable FLSA overtime rates of pay for all such unpaid compensable time.

30. The collective action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to class members. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of class members to protect their interests.

---

[1] Plaintiff reserves the right to amend the Class Description upon the discovery of additional facts.

31. Plaintiff will fairly and adequately protect the interests of the class as his interests are in complete alignment with those of class members, i.e., to pursue their aforementioned "off the clock" overtime pay claims.

32. Counsel for Plaintiff will adequately protect his interests as well as the interests of all putative class members.

33. Defendants required Plaintiff and class members to work "off the clock" within weekly pay periods during all times material to this collective action without compensating them at the applicable FLSA overtime rates of pay for such "off the clock" work.

34. Defendants' conduct, as alleged herein, was willful with reckless disregard to established FLSA requirements that has caused significant damage to Plaintiff and class members.

35. Defendants' conduct was not in good faith by their failure to compensate Plaintiff and class members for all their compensable times at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times material to this collective action.

36. Therefore, Defendants are liable to Plaintiff and class members under the FLSA for failing to properly compensate them for their aforementioned unpaid wage claims.

37. Plaintiff requests this Court to authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation, as well as liquidated damages under the FLSA, and the other relief requested herein.

38. Plaintiff estimates there are several hundred members in the collective class. The precise number of class members can be easily ascertained by examining Defendants' payroll, scheduling, time keeping, personnel and other work-related records and documents. Given the composition and size of the class, members of the class may be informed of the

pendency of this action directly via U.S. mail, e-mail and by posting notice in all of Defendants' facilitates.

## COUNT I
### (Violation of the Fair Labor Standards Act)

39. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

40. At all relative times, Plaintiff and class members have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

41. At all relevant times, Defendants have been an "employer" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a).

42. At all relevant times, Defendants employed Plaintiff and each of the class members consistent with the terms of the FLSA.

43. At all relevant times, Plaintiff and class members were "employees" of Defendants within the meaning of the FLSA's overtime wage requirements.

44. Plaintiff and other class members are similarly situated within the meaning of the FLSA, 29 U.S.C. § 216(b) at all relevant times.

45. As a result of Defendants' common policy and practice of working Plaintiff and class members "off the clock" work, as previously described, Plaintiff and class members were not paid all their overtime compensation, as required by the FLSA.

46. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

47. Through their actions, policies, practices, and plans, Defendants violated the FLSA by

regularly and repeatedly failing to compensate Plaintiff and similarly situated individuals for all their aforementioned "off the clock" hours.

48. The foregoing actions of Defendants violated the FLSA.

49. Defendants' actions were willful with reckless disregard to clearly defined FLSA overtime requirements.

50. Defendants' actions were not in good faith.

51. The "off the clock" overtime pay claims of Plaintiff and the class are unified through common theories of Defendants' FLSA violations.

52. As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff and similarly situated employees have suffered and will continue to suffer a loss of income and other damages.

53. Therefore, Defendants are liable to Plaintiff and the class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and class members request the Court to enter judgment in their favor on this Complaint and:

a) Award Plaintiff and similarly situated employees all unpaid overtime compensation against Defendants;

b) Find and declare that Defendants' violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

c) Award Plaintiff and members of the collective class liquidated damages in accordance with the FLSA;

d) Award prejudgment interest (to the extent that liquidated damages are not awarded);

e) Award Plaintiff and the collective class reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

f) Award post-judgment interest and court costs as allowed by law;

g) Enter an Order designating this action as an opt-in collective action under the FLSA;

h) Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. § 216(b) for the claims of the class;

i) Allow Plaintiff to amend his Complaint, if necessary, as new facts are discovered;

j) Provide additional general and equitable relief to which Plaintiff and the class may be entitled; and

k) Provide further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: April 27, 2021.                    Respectfully Submitted,

*s/ Gordon E. Jackson*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

*ATTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED*

11