# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| MARTERRIO HARRIS, *Individually,* *and on behalf of himself and others similarly situated*, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 2:21-cv-02262-MSN-tmp ) |
| TJX DIGITAL, INC., *a Delaware Corporation*, and TJX DIGITAL MEMPHIS MERCHANTS, LLC, *a Delaware Limited Liability Company*, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## PLAINTIFFS' UNOPPOSED MOTION FOR
## FLSA SETTLEMENT APPROVAL

Following arms-length negotiations and mediation, Named Plaintiff MarTerrio Harris ("Named Plaintiff") and 24 other individuals who consented to opt-in to the litigation ("Opt-In Plaintiffs") (collectively, "Plaintiffs"), and Defendants TJX Digital, Inc. and TJX Digital Memphis Merchants, LLC ("TJX" or "Defendants") (collectively "the Parties") have reached a proposed settlement in the above-captioned case. Plaintiffs respectfully request that the Court approve the Parties' proposed settlement of this Fair Labor Standards Act ("FLSA") collective action seeking overtime compensation and dismiss this case with prejudice. As detailed below, the Court should grant the Plaintiffs' Motion because this settlement is a fair, adequate, and reasonable resolution of the Parties' *bona fide* dispute as to liability and damages under the FLSA. Plaintiffs also seek what they believe is an award of reasonable attorneys' fees, costs, and expenses.

1

## BACKGROUND

**I.      Relevant procedural and factual history.**

On April 27, 2021, Named Plaintiff, individually and on behalf of other individuals alleged to be "similarly-situated", filed a putative collective action FLSA lawsuit against Defendants.[1] The Complaint identified a group of allegedly similarly-situated individuals: all of Defendants' hourly-paid Coach Trainers. After the filing of Defendants' Motion to Dismiss Plaintiff's Complaint in Part[2], the Named Plaintiff and Defendants met and conferred regarding the possibility of entering into a stipulation regarding conditional certification without the expense and distraction of discovery and motion practice, and they ultimately reached agreement to file a joint motion for an order approving a stipulation to conditionally certify an FLSA collective consisting of "All current and former hourly-paid Coach Trainers employed by Defendant TJX Digital Memphis Merchants, LLC and who worked in Defendants' Memphis, Tennessee Fulfillment Center at any time during the period of November 10, 2018" to the date of the Court's order granting the motion. That motion was filed on November 19, 2021.[3] This Court granted the Parties' Conditional Certification Motion on November 22, 2021.[4] The Notice Period ended on January 5, 2022, with twenty-four individuals

---

[1] Complaint, ECF No. 1.

[2] Defendants' Motion to Dismiss Plaintiff's Complaint in Part, ECF No. 13.

[3] Joint Motion for an Order Approving Stipulation of Conditional Certification, ECF No. 26. Though Defendants denied Named Plaintiff's claims on the merits of this action, and disagreed that he and the members of the putative FLSA collective he sought to represent were "similarly situated" for purposes of conditional certification, Defendants agreed, in the interest of efficiency and cooperation, to consent to the conditional certification of the putative collective identified in the Stipulation that was the subject of the Joint Motion for an Order Approving Stipulation of Conditional Certification. To the extent that the agreed-to settlement is not approved, Defendants reserve the right to later oppose Plaintiffs' claims on the merits and seek decertification of the conditionally certified FLSA collective.

[4] Court's Order, ECF No. 27.

electing to opt in during the Notice Period.[5] Thus, including the Named Plaintiff, there are a total of 25 members of the collective. After extensive litigation of different issues in the case and an all-day mediation, the Parties notified the Court that they had reached an agreement in principle on January 27, 2022.[6]

Prior to and since they filed their Notice of Settlement, the Parties have worked together to craft a settlement agreement addressing, among other things, the following: (1) administration of the payment of back wages, some portion of alleged liquidated damages, and a service award for Named Plaintiff in accordance with the terms of the settlement agreement; and (2) payment of Plaintiffs' attorney's fees, costs, and expenses. Plaintiffs have attached the proposed Settlement Agreement as *Exhibit 1*. If the Court approves the Settlement, Plaintiffs have submitted an accompanying Agreed Order of Dismissal with Prejudice to the Court's ECF inbox for the Court's convenience.

## ARGUMENT

The Parties have reached a settlement and agreed on the terms of a written settlement agreement. The settlement fairly, adequately, and reasonably resolves the Parties' claims and defenses, and the Court should enter an order approving the settlement.

**I.     The proposed settlement appropriately resolves the Parties' claims and defenses.**

    **A.     Standard for approval of settlement of FLSA collective actions.**

Employees can settle and release claims under the FLSA in two ways. First, the FLSA allows employees to settle and waive their claims if the payment of unpaid wages by the employer

---

[5] Since the close of the Notice Period, additional individuals attempted to join this lawsuit late. For purposes of settlement, the Parties have reached an agreement to include these untimely opt-in plaintiffs.

[6] Notice of Settlement, ECF No. 30.

to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under § 216(b), an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement, and the district court enters a stipulated judgment approving the fairness of the settlement. *Id.*

In reviewing a settlement of a private FLSA claim, the Court must scrutinize the proposed settlement for fairness and determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc.*, 679 F.2d at 1355; *see also Bartlow v. Grand Crowne Resorts of Pigeon Forge*, No. 11-400, 2012 WL 6707008, at *1 (E.D. Tenn. Dec. 26, 2012); *Wills v. Cellular Sales of Tenn., LLC*, No. 12-391, 2014 WL 8251539, at *1 (E.D. Tenn. Aug. 18, 2014); *Simmons v. Mathis Tire & Auto Serv., Inc.*, No. 13-2875, 2015 WL 5008220, at *1 (W.D. Tenn. Aug. 20, 2015). When it appears that a settlement "reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages[] that are actually in dispute," the Court should "approve the settlement in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354. Additionally, a court presiding over an FLSA suit "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

      B.      **A *bona fide* dispute exists over liability and damages.**

In reviewing the settlement of a plaintiff's FLSA claims, the district court must "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Grp. LLC*, No. 09-1608, 2010 WL 2490989 (N.D. Ohio June 15, 2010).

The existence of a *bona fide* dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id.*; *Ochs v. Modern Design, Inc.*, No. 14-635, 2014 WL 4983674, at *2 (N.D. Ohio Oct. 6, 2014).

A *bona fide* dispute exists in this case. Defendants asserted, and continue to assert, that they had reasonable grounds to believe they were in full compliance with the FLSA at all times and acted in good faith and not in violation—willful or otherwise—of the FLSA at any time relevant to this action. In fact, it is undisputed that they paid some overtime pay to the Named Plaintiff and Opt-In Plaintiffs. What is clearly in dispute is whether these individuals worked additional uncompensated hours and if so, whether Defendants were aware of and/or responsible for the uncompensated hours. *See, e.g., White v Baptist Memorial Health Care Corp.,* 699 F. 3d 869 (6th Cir. 2012), *cert. denied*, 134 S.Ct. 296 (2013). Further, Defendants assert that the FLSA collective conditionally certified by the Court should ultimately be decertified by the Court. The Parties both agree that there is risk for both sides. Plaintiffs and their counsel believe that the total settlement amount reflects a reasonable compromise of the claimed damages. Although the Parties continue to firmly believe in the merits of their respective claims and defenses, given the time and expense associated with full-blown litigation and discovery and the uncertainty of decertification briefing, dispositive motion practice, and trial, the Parties agree that a compromise is appropriate at this stage of the litigation. They desire to resolve this case by way of a negotiated settlement payment by Defendants in exchange for a release of claims by Named Plaintiff and Opt-In Plaintiffs to avoid the time and expense inherent in continued litigation. *See Lynn's Food Stores*, 679 F.2d at 1354 ("Thus, when the parties [to the litigation] submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.").

5

      **C.**      **The settlement is fair and reasonable.**

In addition to resolving a *bona fide* dispute between the Parties, Plaintiffs and their counsel believe that the settlement achieved is fair, adequate, and reasonable and should be approved for numerous reasons. First, the proposed settlement arises out of an action for wages brought by the Named Plaintiff and Opt-In Plaintiffs against their employer, Defendant TJX Digital Memphis Merchants, LLC. While the amount each individual ultimately receives depends on the number of weeks and amount of time he or she worked for Defendant TJX Digital Memphis Merchants, LLC as an hourly-paid Coach Trainer in Defendants' Memphis, Tennessee Fulfillment Center during the limitations period applicable to each of them, the amount in the Settlement Agreement is reasonable considering that, among other risks: (1) Named Plaintiff and Opt-In Plaintiffs would face a substantial evidentiary burden at the decertification stage of this litigation; (2) Plaintiff and Opt-in Plaintiffs are not highly-compensated employees; and (3) Defendants face defense costs and potential liability exposure if this litigation continues.

Second, there is no evidence of, nor was there any fraud or collusion that occurred between counsel. *See Schneider v. Goodyear Tire & Rubber Co.*, No. 13-2741, 2014 WL 2579637, at *2 (N.D. Ohio June 9, 2015) (considering the risk of fraud or collusion between the parties in determining whether to approve an FLSA settlement and concluding that because the parties had engaged in court-supervised negotiations, there was no such risk). This settlement was reached as a result of arms-lengths negotiations as a result of a mediation conducted by Mr. Allen Blair, Esq. between the Parties through experienced attorneys.

Third, during the litigation and settlement of this action, the Plaintiffs were represented by counsel both respected in the community and experienced in handling wage and hour collective actions. Plaintiffs' counsel has the experience to assess the risks of continued litigation and benefits of settlement and have done so in this action. Plaintiffs' counsel represents employees with claims

against employers similar to the claims asserted in this case. Defense counsel is likewise experienced in defending similar claims. Counsel for both Parties have advised their respective clients regarding the settlement, and they have recommended seeking judicial approval: the Court should afford those recommendations some weight. *See Lynn's Food Stores*, 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as an indication of fairness).

Fourth, the range of possible recovery in this case was uncertain. As noted above, the Parties had very divergent positions on the merits of the claims at issue, as well as on damages components such as whether liquidated (double) damages were appropriate and whether Defendants acted willfully.

Fifth, the proceedings have advanced to a stage sufficient to permit the Parties and their experienced counsel to collect, obtain, and review evidence, evaluate their claims and defenses, understand the scope of potential damages, and engage in negotiations with the mutual understanding that continuing toward additional formal discovery and completing dispositive motion practice (including decertification) would be a difficult, costly, and uncertain undertaking.

Sixth, the complexity, expense, and likely duration of the litigation should a settlement not have been reached weighs heavily in favor of finding that this settlement is fair, adequate, and reasonable. Without question, if the case had not settled, the Parties would have spent significant time and resources completing written and deposition discovery, including deposing various Opt-In Plaintiffs and Defendants' management witnesses. Similarly, if this case had not settled, the Parties would have spent significant time drafting dispositive motions: both Parties would likely have sought summary judgment. Moreover, Defendants would have brought a motion to decertify to conditionally certified FLSA collective, which Plaintiffs would have opposed. After the resolution of these issues, the Parties may have faced the prospect of an expensive, lengthy jury

7

trial as well as likely appeals and post-trial motions. Rather than take this path, the Parties directed their efforts toward an early, informed, efficient resolution of the claims. Preparation for the Parties' mediation session enabled counsel for all Parties to assess the respective strengths and weaknesses of their case and reach the conclusion that settlement is in the Parties' best interest. The settlement eliminates the inherent risks both sides would bear if this case were to continue. Under these circumstances, the settlement is fair, reasonable, and adequate for Plaintiffs, and the Court should approve it.

Moreover, the specific back pay settlement amounts proposed by the Parties reflect a reasonable apportionment of a settlement based on the respective number of workweeks worked by the Named Plaintiff and Opt-In Plaintiffs in which overtime was mathematically possible and their specific regular hourly-rates of pay. These calculations are the result of detailed work by counsel and the mediator in the negotiations. For settlement purposes only, the Parties have agreed to the payment of some amount of liquidated damages even though Defendants assert that they acted at all times in good faith, paid the Named Plaintiff and Opt-In Plaintiffs for all hours worked, and provided a mechanism for all employees (including the Named Plaintiff and Opt-In Plaintiffs) to report and be paid for all hours worked. The Parties have agreed to the payment of a one-time service award for Named Plaintiff in the amount of $2,500 in recognition of the work and services that he contributed to the case including, but not limited to, investigative work, meetings with Plaintiffs' counsel, assumption of risks, serving as the representative plaintiff in the collective action, and participation in mediation and related activities.  In furtherance of the Parties' agreement, Plaintiffs hereby request that the Court approve a service payment to Named Plaintiff in the amount of $2,500. *See, e.g., Fitzgerald v. P.L. Marketing, Inc.*, No. 17-02251, 2020 WL 3621250, at *11 (W.D. Tenn. July 2, 2020) (awarding $7,500 service payment to FLSA named plaintiff and $2,000 each to two Rule 23 class representatives for "substantially assist[ing] in the

8

litigation by participating in client interviews and conferences with Class Counsel and by providing relevant documents").

Finally, Plaintiff's Counsel requests an award of attorneys' fees, costs, and expenses not to exceed $46,113.55, which consists of $36,113.55 in attorneys' fees and $10,000.00 in costs and expenses. The Sixth Circuit has recognized the fairness and reasonableness of similar fee awards under similar circumstances. *Rawlings v. Prudential-Bache Property*, 9 F.3d 513, 516 (6th Cir. 1993); *see also Blum v. Stenson*, 465 U.S. 886, 893 (1984). Plaintiffs contend that Plaintiffs' attorneys' fees, costs, and expenses are reasonable given the result obtained, time expended, and time yet to be expended in administering the proposed settlement. *See Mclain et. al. v. First Acceptance Corp.*, No. 3-17-cv-00408 [ECF No. 57] (M.D. Tenn. 2018) (approving attorneys' fees and costs approximating 66% of the total settlement amount); *Wilson et. al. v. MMR Senior Alliance Corp et. al.*, No. 3:17-cv-1412 [ECF No. 56] (M.D. Tenn. 2018) (approving attorneys' fees and costs approximating 50% of the total settlement amount); *Macklin v. Delta Metals Co., Inc.*, No. 2:08-CV-02667, 2011 WL 13070420 (W.D. Tenn. July 6, 2011) (McCalla, J.) (awarding $48,802.02 in attorneys' fees and costs and $300.15 in damages). "When the maximum recovery for an employee is relatively small because the unpaid overtime is relatively minor, [as is the case here], an attorney may reasonably recover more than the employee." *Thompson v. United Stone, LLC*, No. 14-224, 2015 WL 867988, at *2 (E.D. Tenn. Mar. 2, 2015) (collecting cases). "Indeed, the Sixth Circuit has 'upheld substantial awards of attorney's fees even though a plaintiff recovered only nominal damages.'" *West v. Emeritus Corp.*, 15-437, 2017 WL 2880394, at *1-2 (M.D. Tenn. July 5, 2017) (recognizing "the relative lack of correlation between plaintiffs' recoveries and attorney's fees in FLSA cases;" awarding $46,006.31 in attorneys' fees and costs and $8,993.69 in damages). [7]

---

[7] For purposes of this unopposed Motion, Defendants do not take any position regarding the reasonableness of Plaintiffs' counsel's request for approval of the agreed-to attorneys' fees, costs,

## **CONCLUSION**

This FLSA collective action settlement is a product of an arms-length negotiation between counsel and it resolves a *bona fide* dispute over Plaintiffs' FLSA claims. The settlement is fair, adequate, and reasonable, and provides Named Plaintiff and the Opt-In Plaintiffs with monetary relief that they and their counsel deem significant. Accordingly, Plaintiffs respectfully request that this Court approve the Parties' settlement (including the agreed-to settlement agreement) and the distribution of the settlement payments contemplated by the Parties to Plaintiffs in full as described above and as set forth in the Settlement Agreement (including Appendix B to the Settlement Agreement). Furthermore, Plaintiffs respectfully request that the Court award as reasonable the attorneys' fees and litigation costs and expenses in the amount requested above, as well as a service award to Named Plaintiff in the amount requested above. Finally, Plaintiffs request that this action be dismissed with prejudice upon the Court's entry of an order approving the settlement.

Respectfully Submitted,

*/s/ Robert E. Turner, IV*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
JACKSON, SHIELDS, YEISER, HOLT,
OWEN & BRYANT
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
Email: gjackson@jsyc.com
   rbryant@jsyc.com
   rturner@jsyc.com
   rmorelli@jsyc.com

Counsel for Plaintiff MarTerrio Harris

---

and expenses.

## **CERTIFICATE OF SERVICE**

      This is to certify that on the 10th day of March, 2022, the undersigned filed the foregoing using the Court's CM/ECF system, which will send notification of such filing to the appropriate CM/ECF participants as indicated on the filing receipt.

      *s/ Robert E. Turner, IV*