# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

MARTERRIO HARRIS, *Individually,*
*and on behalf of himself and others similarly situated*,

    Plaintiff,

v.                                                                                                       No. 2:21-cv-2262-MSN-tmp

TJX DIGITAL, INC., *a Delaware Corporation*,
and TJX DIGITAL MEMPHIS MERCHANTS, LLC,
*a Delaware Limited Liability Company*,

    Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' UNOPPOSED MOTION FOR FLSA SETTLEMENT APPROVAL

Before the Court is Plaintiffs' Unopposed Motion for FLSA Settlement Approval ("Motion") (ECF No. 32) filed March 10, 2022. For the reasons set forth below, the Motion is **GRANTED IN PART AND DENIED IN PART**.

### BACKGROUND

Plaintiff initiated this matter on April 27, 2021, against Defendants, who operate a distribution center in Memphis, Tennessee. (ECF No. 1 at PageID 2.) Named Plaintiff alleged that Defendants failed to pay him and others overtime compensation due under the Fair Labor Standards Act ("FLSA") by requiring him and others to perform work "off-the-clock." (*See id.* at PageID 3–4.) On September 10, 2021, Defendants filed a motion seeking partial dismissal of Named Plaintiff's claims to the extent Named Plaintiff purported to state nationwide collective claims under the FLSA. (*See* ECF No. 13.) The Court extended the time for Named Plaintiff to respond to Defendants' partial motion to dismiss several times, and ultimately, the Court granted

the parties' joint motion to stay these proceedings pending mediation before Named Plaintiff responded. (*See* ECF Nos. 24 & 25.) A few weeks later, the parties filed their Joint Motion for an Order Approving Stipulation of Conditional Certification (ECF No. 26), which this Court granted (ECF No. 27). On January 27, 2022, Plaintiffs (Named and Opt-In Plaintiffs) filed a Notice of Settlement (ECF No. 30). Plaintiffs now move, unopposed, for this Court to approve the settlement. (ECF No. 32.) In support of the Motion, Plaintiffs have submitted a copy of the parties' "FLSA Settlement Agreement and Release" (ECF No. 32-1).

## **DISCUSSION**

The FLSA imposes an overtime wage for several categories of employee. 29 U.S.C. §§ 206-07. To ensure compliance with the overtime wage provisions, the FLSA permits an employee to sue his employer to recover unpaid wages, an additional and equal amount as liquidated damages, and reasonable attorneys' fees. *Id.* § 216(b).

"The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement." *Bartlow v. Grand Crowne Resorts of Pigeon Forge*, No. 3:11-cv-400, 2012 WL 6707008, at *1 (E.D. Tenn. Dec. 26, 2012) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)). One exception applies when courts "approve settlement of suits brought in federal district courts pursuant to Section 16(b) of the FLSA." *Id.* (citing *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).[1]

---

[1] There is a circuit split as to whether the settlement of FLSA claims requires Court approval. *Compare, e.g., Martin v. Spring Break '83 Prods., LLC,* 688 F.3d 247, 256 (5th Cir. 2012) (not requiring Court approval) *with Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982) (requiring Court approval). The Sixth Circuit has not spoken directly on this issue, but district courts in the Sixth Circuit have regularly required court approval of FLSA settlements. *See, e.g., Steele v. Staffmark Investments, LLC*, 172 F. Supp. 3d 1024 (W.D. Tenn. 2016); *Cardwell v. RPM Wholesale & Parts, Inc.*, Civil Case No. 21-10831, 2021 WL 5563979

In reviewing a proposed FLSA settlement, a court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's*, 679 F.2d at 1355; *see also Green v. Hepaco, LLC*, No. 2:13-cv-02496, 2014 WL 2624900, at *3 (W.D. Tenn. June 12, 2014). Courts consider five factors when making that determination:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Williams v. Alimar Sec., Inc.*, No. 13-cv-12732, 2016 WL 6405798, at *3 (E.D. Mich. Oct. 31, 2016) (quoting *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)). "A district court may choose to consider only factors that are relevant to the settlement at hand." *Snook v. Valley Ob-Gyn Clinic, P.C.*, No. 14-cv-12302, 2015 WL 144400, at *1 (E.D. Mich. Jan. 12, 2015).

The parties represent that a *bona fide* dispute exists in this case. Defendants believed they complied with the FLSA, and they paid some overtime to Named and Opt-In Plaintiffs; however, there remains a dispute about whether additional uncompensated hours were worked, and if so, whether Defendants were aware of or responsible for the uncompensated hours. (ECF No. 32 at PageID 154.) Additionally, the parties dispute whether the class conditionally certified by the Court should ultimately be decertified. (*Id.*) The parties further represent they each face considerable risks and additional costs if the litigation continues, and the settlement was the result of an arms-length negotiation as a result of mediation. (*Id.* at PageID 155–57.) Both parties have been represented throughout by experienced attorneys. (*Id.*)

The Court concludes the parties have been engaged in a *bona fide* dispute arising under the

---

(E.D. Mich. Nov. 29, 2021); *Love v. Gennett Co. Inc.*, No. 3:19-cv-296, 2021 WL 4352800 (W.D. Ky. Sept. 24, 2021).

3

FLSA, and that the FLSA Settlement Agreement and Release is a fair and reasonable resolution of that dispute. The parties jointly negotiated the settlement of this FLSA lawsuit, and both parties were represented by experienced counsel. There was a *bona fide* dispute regarding Defendants' liability under the FLSA, the possible recovery for Named and Opt-In Plaintiffs, and there are risks of continued litigation for both parties. The FLSA Settlement Agreement and Release was the result of an arms-length negotiation, and there is no evidence of fraud or collusion. Thus, the Court **GRANTS** Plaintiff's Motion as to approval of the resolution of Named and Opt-In Plaintiffs' claims and settlement amounts, including the one-time service award for Named Plaintiff.

At this time, however, the Court is unable to determine whether the proposed attorneys' fees are reasonable. "A reasonable fee is one that is adequate to attract competent counsel, but . . . [does] not produce windfalls to attorneys." *Pittman v. Matalco (U.S.), Inc.*, Case No. 4:18CV203, 2018 WL 6567801, at *1 (N.D. Ohio Dec. 13, 2018) (quoting *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)). Plaintiff's counsel seeks an award of $36,113.55 in attorneys' fees and $10,000.00 in costs and expenses. (ECF No. 32 at PageID 158.) Based on this Court's math,[2] the attorneys' fees and costs represent just over 53% of the total "Maximum Gross Settlement Amount." (ECF No. 32-1 at PageID 166–67.) The Court recognizes that the Sixth Circuit, and many district courts in the circuit, have upheld awards of attorneys' fees as reasonable even though they exceed 50% of the settlement amount. (*See* ECF No. 32 at PageID 158.) However, Plaintiff's counsel has not submitted any information that would allow this Court to consider the reasonableness of their fees and costs. For example, no information was provided as to (1) the

---

[2] And this Court specifically disclaims any warranty as to its accuracy—the Court is not an accountant.

number of hours expended by counsel on this litigation; (2) the rates of the attorneys' who worked on this litigation; (3) whether the attorneys' rates are comparable to the local prevailing rate; and (4) a breakdown of the specific costs incurred. Thus, Plaintiff's Motion is **DENIED** without prejudice as to the award of attorneys' fees and costs. When Plaintiff's counsel renews its request for fees and costs, it should include detailed billing records showing the number of hours expended on this matter by each attorney as well as support for the reasonableness of its hourly rates. A detailed breakdown of the asserted costs incurred should also be provided.

## CONCLUSION

For the reasons set forth above, Plaintiff's Unopposed Motion for FLSA Settlement Approval is **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED**, this 22nd day of March, 2022.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE